IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

FRANCISCO PEREZ ALVARADO
3132 16th Street NW, Apt. 601
Washington, DC 20010

      Plaintiff,

v.

RAINBOW INN, INC.
d/b/a JACKEY CAFE
611 H Street NW
Washington, DC 20001

      Defendant.

Civil Action No. _____

## COMPLAINT

### Introduction

1. Defendant owns and operates a Chinese restaurant where plaintiff worked as a kitchen hand and dishwasher. For the duration of his employment, defendant paid plaintiff a sub-minimum wage. Defendant also did not pay plaintiff overtime.

2. Plaintiff brings this action to recover damages for defendant's willful failure to pay plaintiff minimum and overtime wages, in violation of: the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*; the District of Columbia Wage Payment and Collection Law ("DCWPCL"), D.C. Code §§ 32-1301 *et seq.*; and the District of Columbia Minimum Wage Act Revision Act ("DCMWA"), D.C. Code, § 32-1001 *et seq.*

**Jurisdiction and Venue**

3. Jurisdiction is proper pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1367 (supplemental jurisdiction).

4. Venue is proper pursuant to 28 U.S.C. § 1391(b) because defendant resides in this district, and a substantial part of the acts or omissions giving rise to plaintiff's claims occurred in this district.

**Parties**

5. Plaintiff is an adult resident of Washington, DC.

6. Defendant Rainbow Inn, Inc. is a District of Columbia corporation with its principal place of business at: 611 H Street NW, Washington, DC 20001. Rainbow Inn, Inc. does business as "Jackey Cafe." Rainbow Inn, Inc.'s resident agent for service of process is: Becky Cheung, 505 H Street NW, Washington, DC 20001.

**Factual Allegations**

7. Defendant owns and operates a Chinese restaurant known as "Jackey Cafe," located in the Chinatown neighborhood of Washington, DC. The postal address for the restaurant is: 611 H Street NW, Washington, DC 20001.

8. Plaintiff was employed in defendant's restaurant as a kitchen hand and dishwasher.

9. Plaintiff was employed in defendant's restaurant from approximately June 11, 2014 through approximately March 17, 2015.

10. At all relevant times, plaintiff worked between 69 and 72 hours per workweek on the premises of Jackey Cafe. Plaintiff typically worked 11.5 to 12 hours a day for 6 days per week.

11. From approximately June 11, 2014 through June 28, 2014, defendant paid plaintiff $750.00 every two weeks, or $375.00 per week.

12. From approximately June 29, 2014 through March 17, 2015, defendant paid plaintiff $800.00 every two weeks, or $400.00 per week.

13. Defendant paid plaintiff exclusively in cash, with no accompanying paystubs, and without appropriate tax withholdings.

14. From the beginning of plaintiff's employment until July 1, 2014, the federal minimum wage was $7.25 per hour, and the District of Columbia minimum wage was $8.25 per hour.

15. From July 1, 2014 through the present, the federal minimum wage was $7.25 per hour, and the District of Columbia minimum wage was $9.50 per hour.

16. At all relevant times, federal and D.C. law required defendant to pay plaintiff one and one half times the minimum wage for all hours worked over 40 in any one workweek.

17. Defendant owes plaintiff approximately **$16,799.75** in overtime wages.

18. At all relevant times, defendant had more than two employees, and the annual gross volume of defendant's business exceeded $500,000.00.

19. At all relevant times, defendant had the power to fire plaintiff.

20. At all relevant times, defendant controlled plaintiff's work schedule.

21. At all relevant times, defendant controlled plaintiff's rate and method of pay.

22. At all relevant times, defendant did not maintain true and accurate records of each hour, day, and week worked by plaintiff, or of how much plaintiff was paid for his work, as required by 29 C.F.R. § 516 and D.C. Code § 32-1008. Accordingly, the exact amount of hours worked by and wages owed to plaintiff will only be known through discovery.

23. At all relevant times, defendant was aware that it was legally required to pay plaintiff one and one-half times his regular rate for all hours worked in excess of 40 hours in any one workweek.

24. At all relevant times, defendant was aware that they were legally required to timely pay plaintiff all wages legally due to him.

## COUNT I
## FAILURE TO PAY MINIMUM AND OVERTIME WAGES UNDER THE FLSA

25. Plaintiff incorporates the foregoing paragraphs as if fully stated herein.

26. The FLSA requires that employers pay non-exempt employees a minimum wage equal to an amount set by Congress. 29 U.S.C. § 206(a)(1).

27. The FLSA requires employers to pay non-exempt employees one and one-half times their regular hourly rate for hours worked in excess of 40 hours in any one workweek. 29 U.S.C. § 207(a)(1).

28. Defendant violated the FLSA by knowingly failing to pay the required minimum wage to plaintiff.

29. Defendant violated the FLSA by knowingly failing to pay plaintiff at least one and one-half times his regular hourly rate for hours worked in excess of 40 hours in any one workweek.

30. Defendant's violations of the FLSA were willful.

31. For its violations of the FLSA, defendant is liable to plaintiff for unpaid minimum wage and overtime compensation, an equal amount as liquidated damages, court costs, reasonable attorneys' fees and expenses, interest, and any other relief deemed appropriate by the Court.

## COUNT II
## FAILURE TO PAY MINIMUM AND OVERTIME WAGES UNDER THE DCMWA

32. Plaintiff incorporates the foregoing paragraphs as if set forth in their entirety herein.

33. Before July 1, 2014, the DCMWA required that employers pay non-exempt employees the federal minimum wage pursuant to the FLSA, plus $1.00. D.C. Code § 32-1003(a).

34. As of July 1, 2014, the DCMWA requires that employers pay non-exempt employees at least $9.50 per hour. D.C. Code § 32-1003(a).

35. The DCMWA requires employers to pay non-exempt employees one and one-half times their regular hourly rate for hours worked in excess of 40 hours in any one workweek. D.C. Code § 32-1003(c).

36. Defendant violated the DCMWA by knowingly failing to pay the required minimum wage to plaintiff.

37. Defendant violated the DCMWA by knowingly failing to pay plaintiff one and one-half times the required minimum wage for hours worked in excess of 40 hours in any one workweek.

38. Defendant's violations of the DCMWA were willful.

39. For its violations of the DCMWA, defendant is liable to plaintiff for unpaid minimum wage and overtime compensation, an equal amount as liquidated damages, court costs, reasonable attorneys' fees and expenses, interest, and any other relief deemed appropriate by the Court.

## COUNT III
### FAILURE TO PAY WAGES UNDER THE DCWPCL

40. Plaintiff incorporates the foregoing paragraphs as if set forth in their entirety herein.

41. The DCWPCL requires employers to pay an employee who quits or resigns all wages due upon the next regular payday, or within 7 days from the date of quitting or resigning, whichever is earlier. D.C. Code § 32-1303(2).

42. For purposes of the DCWPCL, "wages" includes, among other things, minimum and overtime wages. D.C Code § 32-1301(3).

43. Defendant violated the DCWPCL by knowingly failing to pay plaintiff all wages earned, including minimum and overtime wages.

44. Defendant's violations of the DCWPCL were willful.

45. For its violations of the DCWPCL, defendant is liable to plaintiff for unpaid wages, an amount equal to three times the amount of unpaid wages as liquidated damages, court costs, reasonable attorneys' fees and expenses, interest, and any other relief deemed appropriate by the Court.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully requests that this Court enter judgment against the defendant on all counts, and grant the following relief:

    a. Award plaintiff **$67,199.00**, consisting of the following overlapping elements:

        i. unpaid overtime wages, plus an equal amount as liquidated damages, pursuant to the FLSA, 29 U.S.C. § 216;

        ii. unpaid overtime wages, plus an equal amount as liquidated damages, pursuant to the DCMWA, D.C. Code § 32-1012;

        iii. unpaid wages, plus three times the amount of unpaid wages earned as liquidated damages, pursuant to the DCWPCL, D.C. Code §§ 32-1303(4) and 32-1308;

    b. Award plaintiff prejudgment and postjudgment interest as permitted by law.

    c. Award plaintiff reasonable attorneys' fees and expenses incurred in the prosecution of this action;

    d. Award plaintiff court costs; and

    e. Award any additional relief the Court deems just.

Date: 03/23/2014							Respectfully submitted,

/s/ Justin Zelikovitz, Esq.
Justin Zelikovitz, #986001
LAW OFFICE OF JUSTIN ZELIKOVITZ, PLLC
519 H Street, NW; Second Floor
Washington, DC 20001
Phone: (202) 803-6083
Fax: (202) 683-6102
justin@dcwagelaw.com

*Counsel for Plaintiff*