IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

FRANCISCO PEREZ ALVARADO

    Plaintiff,

v.

RAINBOW INN, INC.

    Defendant.

Case No. 1:15-cv-00425-RJL

**MOTION TO COMPEL INITIAL DISCLOSURES
AND RESPONSES TO INTERROGATORIES AND
REQUEST FOR SANCTIONS**

Plaintiff moves to compel the Defendant to provide both Rule 26-compliant initial disclosures and responses to Plaintiff's Interrogatories — and to award sanctions for Defendant's almost total failure to comply with the Federal Rules and the Court's Scheduling Order. Plaintiff states the following in support:

1. On May 11, 2015, counsel for both parties participated in a telephonic Rule 26(f) conference. Defendant's counsel requested that discovery be completed within 2 months, but consented to Plaintiff's position that the parties would need at least 3 months. Defendant's counsel further agreed to provide initial disclosures by May 19, 2015.

2. On May 12, 2015, Plaintiff filed a jointly drafted Report memorializing the parties' agreement.

3. On May 15, 2015, Plaintiff served Plaintiff's First Set of Interrogatories on Defendant via e-mail (prior written consent to electronic service haven been given). These interrogatories are attached to this Motion as <u>Exhibit A</u>.

4. On June 15, 2015, the Court held an Initial Scheduling Conference.

5. At the Initial Scheduling Conference, undersigned counsel noted that Defendant had failed to provide Initial Disclosures by the agreed-upon date.

6. At the Initial Scheduling Conference, Defendant's counsel made the following representations:

    a. He would provide the Defendant's corporate articles and DCRA filings;

    b. He had been unable to provide some documents because they were written in Chinese, and he would need a certified Chinese translator to translate some of the documents that he had accumulated;

    c. He would provide a list of individuals who worked at the Defendant's restaurant or who otherwise knew something about the Plaintiff's employment; and

    d. He would provide Initial Disclosures that were compliant with Rule 26(a)(1) by June 17, 2015.

7. On June 15, 2015, the Court issued a Scheduling Order directing Defendant to provide Initial Disclosures no later than June 17, 2015.

8. On June 17, 2015, Defendant filed two identical "Initial Disclosures for Rainbow Inn, Inc." These filings do not comply with Rule 26(a)(1) in the following ways:

    a. Defendant identifies only two individuals (it is extremely unlikely that this is a good-faith effort to make an exhaustive list of persons with discoverable information);

    b. Defendant identifies these two individuals by their nicknames instead of their full legal names;

    c. Defendant does not provide the address and phone number of these two individuals;

    d. Defendant does not disclose the subjects of the information to which these two individuals might be able to testify;

    e.    Defendant neither identifies nor produces any documents whatsoever, despite its prior representations at the Initial Scheduling Conference that it was the quantity of documents that was in part responsible for Defendant's failure to produce them by the original deadline.

9.    Moreover, Defendant's responses to Plaintiff's First Set of Interrogatories were due on June 15, 2015.

10.    As of the date of this filing, Defendant has produced absolutely no response to Plaintiff's Interrogatories. Defendant's counsel has not so much as requested an extension of time to respond.

11.    Because of Defendant's failure to provide Rule 26-compliant Initial Disclosures and because Defendant's failed to respond to Plaintiff's Interrogatories, undersigned counsel had to cancel Plaintiff's deposition of Defendant. This deposition was originally set for June 25, 2015.

12.    Defendant's discovery failures also make it increasingly unlikely that the parties will be able to complete discovery on the expedited schedule for which Defendant advocated.

13.    Undersigned counsel has attempted in good faith to resolve these discovery failures.

14.    On June 18, 2015, undersigned counsel sent Defendant's counsel an email requesting that Defendant provide Rule 26-compliant initial disclosures.

15.    On June 22, 2015, undersigned counsel sent Defendant's counsel another email pointing out that Defendant had neither produced Rule 26-compliant Initial Disclosures nor responded at all to Plaintiff's Interrogatories.

16.    On June 25, 2015, undersigned counsel sent Defendant's counsel a third email requesting feedback as to when Defendant expected to provide Rule 26-compliant Initial Disclosures and/or responses to Plaintiff's Interrogatories.

17. Undersigned counsel has also attempted to call Defendant's counsel to discuss a resolution of these issues.

18. Undersigned counsel has received absolutely no response to these inquiries.

19. At this point, undersigned counsel has yet to receive a single document and is unclear if Defendant's counsel is still representing the Defendant.

20. Undersigned counsel affirms that his he has spent at least 9.4 billable hours and incurred $90.75 in expenses as a direct result of Defendant's discovery failures. This includes time spent attempting to reach opposing counsel (0.8 hours), time spent preparing for and scheduling a deposition that did not happen (1.1 hours), time meeting with his associate attorney and re-formulating case strategy as a result of Defendant's discovery failures (1.6 hours), time spent procuring and analyzing a transcript of the Initial Scheduling Conference (1.5 hours and $90.75 in expenses), and time spent preparing this pleading and its attachments (4.5 hours).

21. Undersigned counsel further affirms that he has been an attorney for over 6 years and that his current Laffey Rate is $300/hour.

WHEREFORE, Plaintiff respectfully requests that the Court:

A. ORDER the Defendant to provide amended, Rule 26-compliant Initial Disclosures within 3 days of its decision on this Motion;

B. ORDER the Defendant to provide responses to Plaintiff's Interrogatories within 7 days of its decision on this Motion;

C. ORDER the Defendant and/or his counsel to pay to Plaintiff's counsel $2,910.75 (9.4 hours × $300/hour + $90.75 in expenses) as a reasonable sanction for Defendant's discovery failures.

| | |
|---|---|
| Date: June 29, 2015 | Respectfully submitted |
| | /s/Justin Zelikovitz<br>Justin Zelikovitz, #986001<br>519 H Street NW<br>Washington, DC 20001<br>T: (202) 445-6960<br>F: (202) 683-6102<br>justin@dcwagelaw.com |
| | *Counsel for Plaintiff* |