# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

_____
                                       )

**FRANCISCO PEREZ ALVARADO**    )
                                       )

           **Plaintiff,**            )
                                       )

v.                                       )         Case No. 15-cv-425 (GMH)
                                       )

**RAINBOW INN, INC. et al.**         )
                                       )

           **Defendants.**         )
_____)

## MEMORANDUM OPINION

     Before the Court are several pending motions: (1) plaintiff's motion to dismiss defendant Rainbow Inn's counterclaim and for a show-cause order pursuant to Federal Rule of Civil Procedure 11; (2) plaintiff's motion to dismiss defendant Jackey Ko's counterclaims; (3) defendant Jackey Ko's motion for leave to file out of time her response to plaintiff's motion to dismiss; and (4) plaintiff's motion for sanctions against all defendants for their failure to attend their depositions. These motions are ripe for resolution. Upon consideration of the parties' briefs and the entire record herein,[1] the Court will grant in part and deny in part the motions as stated herein.

---

[1] The relevant docket entries for purposes of this Memorandum Opinion are: (1) Plaintiff's Motion to Dismiss Defendant Rainbow Inn's Counterclaim ("Mot. to Dismiss Rainbow Inn") [Dkt. 30]; (2) Plaintiff's Motion to Dismiss Defendant Jackey Ko's Counterclaims ("Mot. to Dismiss Jackey Ko") [Dkt. 41]; (3) Plaintiff's Motion for Sanctions for Failure to Attend Deposition ("Mot. for Sanctions") [Dkt. 39]; (4) Defendant Rainbow Inn's Memorandum in Opposition to Plaintiff's Motion for Sanctions ("Sanctions Opp.") [Dkt. 42]; (5) Plaintiff's Reply in Support of His Motion for Sanctions ("Sanctions Reply") [Dkt. 43]; (6) Defendant Jackey Ko's Motion for Extension of Time to File Response ("Mot. for Extension") [Dkt. 44]; (7) Plaintiff's First Amended Complaint ("Am. Compl.") [Dkt. 23]; (8) Defendant Rainbow Inn, Inc.'s Answer and Counterclaim ("Rainbow Inn Ans.") [Dkt. 25]; (8) Defendant Jackey Ko's Answer and Counterclaims ("Jackey Ko Ans.") [Dkt. 36].

## BACKGROUND

Defendant Rainbow Inn, Inc., and its owners, defendants Jackey Ko and Kin Long Ko, operate a restaurant known as "Jackey Cafe." Am. Compl. ¶¶ 6–17. Plaintiff worked for defendants as a dishwasher and kitchen hand. Id. ¶ 1.[2] Plaintiff filed this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., the District of Columbia Wage Payment and Collection Law ("DCWPCL"), D.C. S.T. § 32-1301 et seq., and the District of Columbia Minimum Wage Act Revision Act ("DCMWA"), D.C. S.T. § 32-1001 et seq. Am. Compl. ¶ 2. In his First Amended Complaint, plaintiff alleges that defendants failed to pay him minimum and overtime wages. Id. Plaintiff alleges that defendants owe him approximately $17,000.00 in unpaid wages. Id. ¶ 34.

### A.   Defendant Rainbow Inn's Counterclaim

Defendant Rainbow Inn filed an answer to plaintiff's First Amended Complaint. See Rainbow Inn Ans. That answer included a counterclaim against plaintiff for fraud. See id. at 2–4. In its counterclaim, Rainbow Inn alleges that plaintiff lacked sufficient information to substantiate his claims at the time of filing the instant suit. Id. ¶¶ 9–10. Plaintiff, in Rainbow Inn's view, saw his wage lawsuit as a way to make "easy money" after being fired from defendants' restaurant. Id. ¶ 9.

Rainbow Inn alleges that plaintiff, in filing this action, made intentionally false misrepresentations of material facts, including: (1) that Rainbow Inn has a gross annual business volume in excess of $500,000; (2) that Rainbow Inn owes plaintiff $21,164.30 in unpaid wages; (3) that plaintiff possessed a time card issued by Rainbow Inn; and (4) that plaintiff possessed a

---

[2] The parties dispute the length of plaintiff's employment. Plaintiff alleges that he worked for defendants from June 2014 to May 2015, while defendants allege that plaintiff worked for at most two days. Compare Am. Compl. ¶ 21, with Rainbow Inn Ans. ¶ 2.

2

photograph of Rainbow Inn's time-card machine. Id. ¶ 11. Rainbow Inn alleges that these four factual allegations are fraudulent because plaintiff lacked documentation sufficient to support facts (1) and (2) at the time of filing the complaint. Id. ¶ 10. Further, Rainbow Inn alleges that plaintiff admitted in discovery that he does not possess any time card issued by Rainbow Inn. Id. Finally, Rainbow Inn alleges that a video taken by plaintiff and produced to defendants in discovery which purports to show defendants' time-card machine is misleading because Rainbow Inn does not have a time-card machine. Id.

  **B. Defendant Jackey Ko's Counterclaim**

In his First Amended Complaint, plaintiff joined Jackey Ko and Kin Long Ko, purported owners of defendant Rainbow Inn, to this action. See Am. Compl. ¶¶ 6–17. Defendant Jackey Ko answered plaintiff's First Amended Complaint and asserted two counterclaims. See Jackey Ko Ans. First, Jackey Ko alleges a fraud counterclaim which is identical in all respects to Rainbow Inn's fraud counterclaim. Id. at 2–4. Second, Jackey Ko asserts a counterclaim for intrusion upon seclusion, alleging that plaintiff unlawfully videotaped the interior of the kitchen at Jackey Cafe. Id. ¶ 15. Jackey Ko alleges that plaintiff displayed this video to his friends and family and made it available for public viewing. Id. Jackey Ko further alleges that she wanted to keep the interior of her kitchen private from public view. Id. ¶¶ 15–16.

  **C. Defendants' Failure to Appear for Depositions**

Plaintiff noticed the depositions of Jackey Ko, Kin Long Ko, and Rainbow Inn's corporate designee.[3] Mot. for Sanctions at 1. The depositions were originally scheduled sometime in May 2015 but eventually rescheduled for September 11, 2015. Id. On September 9, 2015, the Court held a telephone conference at plaintiff's request during which plaintiff apprised

---

[3] The Court cannot determine the specific dates and times for the original depositions because plaintiff has not attached any notices of deposition or subpoenas to his motion for sanctions.

the Court that defendant refused to attend the September 11, 2015, depositions because it was defense counsel's wife's birthday. Id. During the conference, plaintiff's and defendants' counsel agreed to reset the depositions for September 24, 2015. Id. at 2.

On September 23, 2015, plaintiff again requested a conference with the Court regarding the upcoming depositions. See Notice of Request for Discovery Conference [Dkt. 31]. The Court held a telephone conference later that day. During the conference, plaintiff informed the Court that defendants' counsel had represented that defendants would not attend the September 24, 2015, depositions because they would be attending functions related to the Chinese president's visit to Washington, D.C. Id. During the conference, the Court rejected defendants' excuse for not attending their depositions and made it clear that defendants would be subject to sanctions if they failed to appear.

The Court directed plaintiff to submit an itemization of the costs it would incur if defendants failed to attend the depositions. Id. The Court also ordered defendants to submit a notice by 6:00 p.m. that day informing the Court and plaintiff whether they would attend their depositions the next day. Id. In his filing, plaintiff represented that he would suffer $800.00 in out-of-pocket costs related to the depositions. See Notice of Cancellation Costs [Dkt. 32]. These costs included hiring a court reporter and a Chinese translator. Id. Defendants' notice, while fairly equivocal, seemed to indicate that they would not attend the depositions on September 24, 2015. See Response to Order of the Court [Dkt. 33]. Defendants did not in fact appear for their depositions that day. See Notice of Failure to Attend Deposition [Dkt. 38]. However, the record reveals that defendants were eventually deposed on October 16, 2015. Mot. for Extension at 1.

4

**LEGAL STANDARDS**

    A.    **Motion to Dismiss for Failure to State a Claim**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a complaint. Browning v. Clinton, 292 F.3d 235, 242 (D.C. Cir. 2002); Fed. R. Civ. P. 12(b)(6). Under Rule 8, a plaintiff need only provide "'a short and plain statement of [his] claim showing that [he] is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)); Fed. R. Civ. P. 8(a). A Rule 12(b)(6) motion does not assess the pleader's likelihood of success on the merits but only whether he has stated a claim. Eastern Savings Bank, FSB v. Papageorge, 31 F. Supp. 3d 1, 11 (D.D.C. 2014).

Nevertheless, the Supreme Court has held that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Although "detailed factual allegations" are not required, a complaint must offer "more than labels and conclusions" to provide grounds for relief. Twombly, 550 U.S. at 555. "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Iqbal, 556 U.S. at 678 (alteration in original).

Also relevant here is the requirement in Rule 9(b) that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R.

Civ. P. 9(b). As the D.C. Circuit has noted, Rule 9(b) should be read in conjunction with Rule 8. U.S. ex rel. Williams v. Martin–Baker Aircraft Co., 389 F.3d 1251, 1256 (D.C. Cir. 2004). When considered together, those Rules "require that 'the pleader . . . state the time, place and content of the false misrepresentations, the fact misrepresented and what was retained or given up as a consequence of the fraud. [The Rules] also require pleaders to identify individuals allegedly involved in the fraud." Id. (internal quotations and citations omitted). In other words, a fraud claimant must "assert in their complaint the 'who, what, when, where, and how of the fraud.'" Equitas Disability Advocates, LLC v. Bryant, Civil Action No. 14–01644 (RCL), 2015 WL 5728365, at *8 (D.D.C. Sept. 29, 2015) (quoting Wigod v. Wells Fargo Bank, N.A., 673 F.3d 547, 569 (7th Cir. 2012)).

    **B.**    **Motion for Sanctions**

Federal Rule of Civil Procedure 37 empowers the Court to sanction parties and counsel who fail to comply with its orders or the rules of discovery. See Fed. R. Civ. P. 37. Rule 37(d) governs the sanctions available when a party fails to attend a properly noticed deposition. Id. 37(d). Under that subpart, the court "may, on motion, order sanctions if a party or a party's officer, director, or managing agent – or a person designated under Rule 30(b)(6) or 31(a)(4) – fails, after being served with proper notice, to appear for that person's deposition." Id. 37(d)(1)(A). When a party fails to appear for its deposition, sanctions may include any of the orders listed in Rule 37(b)(2)(A)(i)-(vi). Id. 37(d)(3). Those sanctions include: (1) striking pleadings; (2) treating certain matters as conceded; (3) staying proceedings until the offending party complies with the Court's order; (4) dismissing the party's claims in whole or in part; and (5) entering a default judgment against the party. Id. 37(b)(2)(A)(i)-(vi). Rule 37(d)(3) further provides that "[i]nstead of or in addition to these sanctions, the court must require the party

6

failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Id. 37(d)(3).

"District courts have 'considerable discretion' in managing discovery, and possess broad discretion to impose sanctions for discovery violations under Rule 37." Parsi v. Daioleslam, 778 F.3d 116, 125 (D.C. Cir. 2015) (internal citation omitted) (quoting Bonds v. Dist. of Columbia, 93 F.3d 801, 807 (D.C. Cir. 1996)). "The central requirement of Rule 37 is that 'any sanction must be just,' which requires in cases involving severe sanctions that the district court consider whether lesser sanctions would be more appropriate for the particular violation." Bonds, 93 F.3d at 808 (quoting Ins. Corp. v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 707 (1982)). As such, "[t]he choice of sanction should be guided by the 'concept of proportionality' between offense and sanction." Id. at 808 (citation omitted).

## ANALYSIS

### A.     Motion to Dismiss Rainbow Inn's Counterclaim

On September 18, 2015, plaintiff filed a motion to dismiss Rainbow Inn's counterclaim. See Mot. to Dismiss Rainbow Inn. In his motion, plaintiff argues that Rainbow Inn has failed to state a claim for fraud because his statements in his complaint are privileged as statements "'made preliminary to, or in the course of, a judicial proceeding.'" Id. at 3 (quoting Oparaugo v. Watts, 884 A.2d 63, 79 (D.C. 2005)). Plaintiff contends that defendant cannot assert a claim for fraud merely on the basis of plaintiff's filing a complaint against it. Id. In addition to dismissal of Rainbow Inn's counterclaim, plaintiff requests that this Court issue a show-cause order to Rainbow Inn pursuant to Federal Rule of Civil Procedure 11. Id. at 4. Plaintiff argues that defendant's counterclaim is frivolous and that Rainbow Inn should be required to make a

7

showing as to why it should not be sanctioned for making a frivolous filing. Id.; see also Fed. R. Civ. P. 11.

Plaintiff's motion will be granted for two reasons. First, Rainbow Inn did not respond to plaintiff's motion to dismiss. If a non-movant fails to respond to a motion, "the Court may treat the motion as conceded." L. Civ. R. 7(b); Fed. Deposit Ins. Corp. v. Bender, 127 F.3d 58, 67–68 (D.C. Cir. 1997) (treating plaintiff's summary judgment motion as conceded because defendant's opposition was untimely). Local Rule 7(b) is a "docket-management tool that facilitates efficient and effective resolution of motions by requiring the prompt joining of issues." Fox v. Am. Airlines, 389 F.3d 1291, 1294 (D.C. Cir. 2004). A court may find a motion conceded pursuant to this Rule even without notice or an opportunity to explain. Id. at 1295. "Rules are rules, and basic fairness requires that they be applied evenhandedly to all litigants." Texas v. United States, 798 F.3d 1108, 1114 (D.C. Cir. 2015). Courts typically decline to enforce Local Rule 7(b), however, where the offending party demonstrates that its failure to comply was the result of excusable neglect. D.A. v. Dist. of Columbia, Civil Action No. 07–1084 (PLF/JMF), 2007 WL 4365452, at *7 (D.D.C. Dec. 6, 2007).

Here, the Court finds that defendant has conceded plaintiff's motion. Rainbow Inn has made no attempt at showing its excusable neglect in failing to file a response. Nor could it. Counsel for all defendants has filed responses to plaintiff's other motions at issue here. Those responses were filed on October 12 and 20, 2015 – well after plaintiff filed his motion to dismiss Rainbow Inn's counterclaims on September 18, 2015. Indeed, one of those other motions – plaintiff's motion for sanctions – is directed in part at Rainbow Inn. Because Rainbow Inn's counsel responded to some motions and not others, including the motion for sanctions against Rainbow Inn but not the motion to dismiss Rainbow Inn's counterclaims, the Court is not

inclined to excuse that failure as mere oversight.  See Fox, 389 F.3d at 1294 (noting that parties are "obligated to monitor the court's docket"); Halmon v. Jones Lang Wootton USA, 355 F. Supp. 2d 239, 244 (D.D.C. 2005) ("Parties have an obligation to monitor the court's docket and keep apprised of relevant deadlines.").  As a result, the Court finds that Rainbow Inn has conceded plaintiff's motion to dismiss.

Second, even if Rainbow Inn had timely responded to plaintiff's motion, the Court would still find that its counterclaim is meritless.  The Court notes that its "role is not to act as an advocate for the [defendant] and construct legal arguments on [its] behalf in order to counter those in the motion to dismiss."  Stephenson v. Cox, 223 F. Supp. 2d 119, 121–22 (D.D.C. 2002).  Nevertheless, the Court's review of the relevant case law shows that defendant may not maintain an action for fraud on the facts alleged.

In the District of Columbia, a fraud claim requires the pleader to allege:  (1) a false representation; (2) in reference to material fact; (3) made with knowledge of its falsity; (4) with the intent to deceive; and (5) action is taken in reliance upon the representation.  Atraqchi v. GUMC Unified Billing Servs., 788 A.2d 559, 563 (D.C. 2002).  Rainbow Inn's counterclaim fails for several reasons.  First, defendant fails to show that plaintiff made knowingly false representations with the intent to deceive defendant.  This is particularly true with respect to plaintiff's allegations regarding defendant's business volume and the amount defendant owes to plaintiff in unpaid wages.  Even assuming those allegations are false, defendant does not allege that plaintiff made those allegations knowing they were false.  At most, Rainbow Inn alleges that plaintiff lacked documents supporting these allegations.  Rainbow Inn Ans. ¶ 10.  Yet plaintiff is not required to have all the evidence he needs on the day he files his lawsuit – this is the purpose

of civil discovery. As such, Rainbow Inn has not demonstrated that plaintiff's allegations in his complaint were knowingly false and made with the intent to deceive.

Second, defendant does not allege what action it took in reliance on plaintiff's false representations. The Court assumes that defendant, if it had responded to this motion, would argue that its defense of the instant suit was made in reliance on plaintiff's misrepresentations. However, defendant reveals in its answer that it at no time believed the representations plaintiff made. See id. ¶ 7. Accordingly, defendant has not shown that it acted in reliance on the truth of plaintiff's allegations, particularly under the heightened pleading standard of Rule 9(b). See Williams, 389 F.3d at 1256 (requiring a fraud claim to state "what was retained or given up" in reliance on the fraud).

Accordingly, the Court will dismiss defendant Rainbow Inn's counterclaim.[4] Although the Court dismisses Rainbow Inn's counterclaim, the Court declines to consider sanctions against defendant at this time. Thus, to the extent plaintiff seeks a Rule 11 show-cause order, that request will be denied.

### B.    Motion to Dismiss Jackey Ko's Counterclaim

Plaintiff moved to dismiss Jackey Ko's counterclaims on October 1, 2015. See Mot. to Dismiss Jackey Ko. In that motion, plaintiff seeks dismissal of Jackey Ko's fraud counterclaim for the same reasons as he asserted in his motion to dismiss the identical counterclaim raised by Rainbow Inn. Id. at 3. Plaintiff also asks the Court to dismiss Jackey Ko's intrusion upon seclusion claim. Id. First, plaintiff contends that Jackey Ko lacks standing to bring her claim because she has no privacy interest in the contents of the Jackey Cafe kitchen. Id. at 4. If

---

[4] Co-defendant Jackey Ko argued against the dismissal of her fraud counterclaim, which is identical to Rainbow Inn's fraud counterclaim, in an untimely opposition brief. See infra at 11. Her arguments do not change the result here, as explained below.

10

anyone has a privacy interest in that kitchen, plaintiff argues, it could only be Rainbow Inn, the owner of the restaurant. Id. Second, even if Jackey Ko had a cognizable privacy interest in the Jackey Cafe kitchen, plaintiff argues that she has not pleaded facts sufficient to support the requisite elements of the claim.

Jackey Ko did not file a timely response to plaintiff's motion. Instead, on October 20, 2015, Jackey Ko filed a motion for leave to file her response out of time. See Mot. for Extension. Defendant argues that her failure to timely file her response is excusable because her counsel was busy preparing for defendants' depositions on October 16, 2015, and counsel inadvertently forgot that the opposition to plaintiff's motion was also due that day. Id. at 1. In her opposition brief, attached to the motion for leave, Ko argues that her counterclaims should not be dismissed. Id. at 6–8. These arguments largely parrot the allegations of the complaint and provide little or no reasoning to support the connection between the facts alleged and the claims asserted.

As with the motion to dismiss Rainbow Inn's counterclaim, the Court will grant plaintiff's motion to dismiss Jackey Ko's counterclaims for two independent reasons. First, the Court will treat the motion as conceded because Jackey Ko failed to file a timely response.[5] Further, her reason for her late filing falls well short of excusable neglect. The only reason she offers is that her counsel was otherwise busy on October 16, 2015, the day the response was due. The Court finds this excuse inadequate because it: (1) fails to address why counsel could not

---

[5] Throughout this case, defendants have repeatedly failed to meet their obligations under the Federal Rules and this Court's own orders. For example, the Court has had to enter four different scheduling orders to accommodate defendants' continued dilatoriness. See Scheduling Order [Dkt. 10]; Amended Scheduling Order [Dkt. 17]; Second Amended Scheduling Order [Dkt. 28]; Third Amended Scheduling Order [Dkt. 40]. Moreover, defendants have had to seek the Court's leave to withdraw admissions they made for outright failure to respond to plaintiff's requests for admission. See Rainbow Inn's Motion for Order [Dkt. 39]; September 10, 2015 Minute Order. Thus, defendants' failure to respond to plaintiff's motions to dismiss is simply the continuation of a pattern of disregard for the rules of this Court.

have drafted the response during the other fifteen days between the filing of the motion and the due date, particularly since defendant knew of the October 16, 2015, deposition date well in advance; (2) fails to account for the four additional days defendant spent drafting the response before filing it; and (3) fails to justify why defendant did not seek an extension of time prior to the expiration of the period for responding to plaintiff's motion.

Moreover, because parties are "obligated to monitor the court's docket," the Court has little sympathy when the only excuse presented is that defendant "inadvertently forgot" that her response was due. Fox, 389 F.3d at 1294. Indeed, a review of the Court's docket reveals that Jackey Ko's asserted excuse is not credible. On October 12, 2015, Jackey Ko's counsel filed the response to plaintiff's motion for sanctions. See Sanctions Resp. The immediately preceding docket entry is plaintiff's motion to dismiss Jackey Ko's counterclaims. See Mot. to Dismiss Jackey Ko. The Court does not credit counsel's claim that he inadvertently overlooked plaintiff's motion to dismiss not only when it was filed but also when he filed the sanctions opposition. As a result, the Court will deny defendant's motion for leave to file out of time and therefore finds that Jackey Ko has conceded plaintiff's motion to dismiss.

Second, as with Rainbow Inn, even if Jackey Ko had timely filed her response, the Court finds her counterclaims to be without merit. As discussed above, Rainbow Inn failed to state a claim for fraud in connection with plaintiff's allegations in the instant suit. Because Jackey Ko's fraud allegations are identical to those of Rainbow Inn, the Court will dismiss that claim for the same reasons.

The Court also finds that Jackey Ko has failed to state a claim for intrusion upon seclusion. Intrusion upon seclusion is one variety of the broader tort of invasion of privacy. Wolf v. Regardie, 553 A.2d 1213, 1216–17 (D.C. 1989). "In the District of Columbia, courts

have adopted the Second Restatement of Torts to 'determin[e] the appropriate contours of a cause of action for' invasion of privacy." Budik v. Howard Univ. Hosp., 986 F. Supp. 2d 1, 11 (D.D.C. 2013) (citing Vassiliades v. Garfinckel's, Brooks Bros., 492 A.2d 580, 587 (D.C. 1985) (alterations in original)). Intrusion upon seclusion is comprised of three elements: (1) an invasion or interference by physical intrusion, by use of a defendant's sense of sight or hearing, or by use of some form of investigation or examination; (2) into a place where the plaintiff has secluded himself, or into his private or secret concerns; (3) that would be highly offensive to an ordinary, reasonable person. Greenpeace, Inc. v. Dow Chemical Co., 97 A.3d 1053, 1062 (D.C. 2014). Examples of actionable intrusion include "harassment; peeping through windows or into some other locations in which a plaintiff has chosen to seclude himself; opening personal mail; eavesdropping on private conversations; entering a plaintiff's home without permission or searching his or her belongings; examining a plaintiff's private bank account; or other invasions of that nature." Wolf, 553 A.2d at 1217–18. "While determining offensiveness in an invasion of privacy case is usually the province of the jury, the trial court must make a threshold determination of offensiveness in discerning the existence of a cause of action for intrusion." Id. at 1219.

Here, Jackey Ko fails to meet the second and third elements of the cause of action. Defendant alleges that plaintiff recorded video of the inside of her restaurant's kitchen. Jackey Ko Ans. ¶ 15. She further alleges that Rainbow Inn's kitchen is "restricted and the public is not allowed access to it." Id. However, defendant fails to allege that Jackey Ko secluded herself in this kitchen. Indeed, a restaurant kitchen is very different from the types of locations normally protected under this cause of action. Ostensibly, many people pass through this kitchen each day, including other Rainbow Inn employees and restaurant suppliers. As such, the Rainbow Inn

kitchen is not "a private 'zone of seclusion which society considers sacrosanct and insulated from the peering eyes and cocked ears of insensitive citizens.'" Wolf, 553 A.2d at 1220.

Although defendant argues that "the general public cannot walk into Rainbow's kitchen," Mot. for Extension at 7, this argument misses the mark. The question is not whether the general public has access to the kitchen but whether Jackey Ko, as an individual, has secluded herself within it. She has failed to plead that the kitchen in her restaurant, a location open to many persons in addition to herself, was a place housing her "private or secret concerns." Greenpeace, 97 A.3d at 1062 (D.C. 2014). Similarly, defendant does not allege that plaintiff's videotaping would have been highly offensive to an ordinary, reasonable person – nor could she, since intrusion into a non-private location cannot realistically offend anyone's privacy concerns.

Accordingly, the Court will dismiss defendant Jackey Ko's counterclaims.

**C.    Motion for Sanctions**

On September 26, 2015, after defendants failed to appear for their depositions on September 24, 2015, plaintiff filed a motion requesting sanctions against defendants under Federal Rule of Civil Procedure 37. See Mot. for Sanctions at 3. In his motion, plaintiff requests reimbursement for his costs and attorney's fees expended in relation to defendants' failure to appear for their depositions. Id. Defendants timely responded on October 12, 2015. See Sanctions Resp. Plaintiff filed a reply in support of his motion on October 20, 2015. See Sanctions Reply. The Court will first address whether a fee award is appropriate here and then determine the appropriate amount of the award.

1.    Entitlement to Award of Fees

As noted above, Rule 37(d)(3) requires the court to order a disobedient party, its attorney, or both "to pay the reasonable expenses, including attorney's fees, caused by the failure [to

attend its deposition], unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(3). The Court enjoys wide discretion in fashioning sanctions proportionate to a party's offenses. See Parsi, 778 F.3d at 125.

Here, the Court finds that defendants should be sanctioned under Rule 37 for their failure to appear for their depositions on September 24, 2015. The Court has been forced to address the relatively straightforward issue of scheduling depositions on two separate occasions in this case. Both conferences occurred at the last minute because of defendants' late notice that they would not appear. Moreover, during the September 23, 2015, conference, the Court gave unequivocal notice that sanctions would follow defendants' failure to appear.

Nevertheless, defendants failed to appear for the September 24, 2015, depositions.[6] Defendants unsuccessfully attempt to justify this failure. Sanctions Resp. at 1. In the notice they filed on the evening of September 23, 2015, defendants requested that the depositions be rescheduled so as to permit them to attend events related to the visit by the Chinese president. Id. Defendants argue that it was unreasonable for plaintiff to ignore the request to reschedule and to proceed with the depositions the following day. Id. Defendants contend that plaintiff therefore had sufficient notice to cancel the depositions and avoid the costs he incurred. Id. at 2.

This argument is unavailing. First, the email exchanges produced by plaintiff indicate that although plaintiff asked defendants' counsel on the afternoon of September 23, 2015, to confirm that his clients would appear for the next day's depositions, he never did so. See Sanctions Reply, Ex. A. Second, defendants view their filing of September 23, 2015, generously

---

[6] Plaintiff did not file the notices of deposition or subpoenas served on any defendant. As a result, the Court lacks clear evidence to conclude that notice was actually proper or whether Jackey Ko and Kin Long Ko were parties subject to Rule 37(d) at moment of service of the notices. However, because defendants do not challenge service in response to plaintiff's motion, the Court views this argument against sanctions as conceded. See Kone v. Dist. of Columbia, 808 F. Supp. 2d 80, 83 (D.D.C. 2011) (arguments not raised in motion briefing are conceded); Bender, 127 F.3d at 67–68.

15

when they suggest that it provided notice to plaintiff that they would not attend their depositions. Instead, the notice avoided a forthright answer to the question of their attendance and merely requested that the depositions be rescheduled. See Response to Order of the Court [Dkt. 33]. Third, even if proper notice was given, defendants cannot avoid the compulsion of a properly noticed deposition merely by offering alternative future dates. Defendants cannot continually frustrate plaintiff's opportunity to pursue discovery in this case and expect the approval of this Court. Finally, defendants' position ignores the Court's warning on September 23, 2015, that they would be sanctioned if they did not appear. At that hearing, the Court heard and rejected defendants' excuse relating to the visit of the Chinese president. As a result, defendants were acutely aware that this excuse would not suffice to prevent an award of sanctions against them.

Accordingly, plaintiff is entitled to an award of costs and attorney's fees resulting from defendants' failure to appear for their depositions on September 24, 2015.

2. Appropriate Fee Award

"When requesting attorneys' fees under Rule 37, the moving party bears the burden of proving that the request is reasonable." Davis v. Dist. of Columbia, 304 F.R.D. 51, 63 (D.D.C. 2014). A district court has broad discretion in determining an appropriate attorney's fees award. Beck v. Test Masters Educ. Servs., Inc., 289 F.R.D. 374, 382 (D.D.C. 2013). To arrive at a final award, courts employ the "lodestar method, in which the court multiplies a reasonable hourly rate by a reasonable number of hours expended." Tequila Centinela, S.A. de C.V. v. Bacardi & Co. Ltd., 248 F.R.D. 64, 68 (D.D.C. 2008); Kornegay, 2008 WL 4482970, at *2.

Reasonable rates are those "in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." Covington v. Dist. of Columbia, 57 F.3d 1101, 1109 (D.C. Cir. 1995) (internal quotation marks omitted). In

the recent Eley decision, the D.C. Circuit observed that determining a prevailing market rate is "inherently difficult," but nevertheless emphasized the "importance of fixing the prevailing hourly rate in each case with a fair degree of accuracy." Eley v. Dist. of Columbia, 793 F.3d 97, 100 (D.C. Cir. 2015) (internal quotations omitted). To meet its burden to show that the requested rate is reasonable, a party must "'produce satisfactory evidence – in addition to the attorney's own affidavits – that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation.'" Id. (quoting Blum v. Stenson, 465 U.S. 886, 895 n.11 (1984)).

One type of additional evidence permitted in this Circuit is attorney's fee matrices, such as the Laffey Matrix prepared by the Civil Division of the United States Attorney's Office for the District of Columbia ("USAO Laffey Matrix"). See Beck, 289 F.R.D. at 383; United States v. Dynamic Visions Inc., 307 F.R.D. 299, 303 (D.D.C. 2015); Tequila Centinela, 248 F.R.D. at 68. The USAO Laffey Matrix was created to demonstrate the "prevailing rates in the community for lawyers of comparable skill, expertise and reputation in complex federal litigation." Laffey v. Nw. Airlines, Inc., 572 F. Supp. 354, 371–72 (D.D.C. 1984). But while attorneys' fee matrices can "provide a useful starting point" in calculating the prevailing market rate, see Covington, 57 F.3d at 1109, as Eley confirms, a party does not meet his burden of demonstrating a reasonable rate merely by pointing to the applicable USAO Laffey rate. Rather, the party is obliged to demonstrate that the suggested rates in the matrix are "in line with those prevailing in the community for similar services." Eley, 793 F.3d at 104 (emphasis in original); id. at 100 ("'An applicant is required to provide specific evidence of the prevailing community rate for the type of work for which he seeks an award.'") (quoting Nat'l Ass'n of Concerned Veterans v. Sec'y of Def., 675 F.2d 1319, 1325 (D.C. Cir. 1982) (emphasis in original)).

A party can make this showing by supplementing fee matrices with other evidence such as "surveys to update the[m]; affidavits reciting the precise fees that attorneys with similar qualifications have received from fee-paying clients in comparable cases; and evidence of recent fees awarded by the courts or through settlement to attorneys with comparable qualifications handling similar cases." Id. at 101 (quoting Covington, 57 F.3d at 1109); see also id. at 104, n.5 ("Evidence of the prevailing market rate can take many forms."); Covington, 57 F.3d at 1113 (Henderson, J. dissenting) ("'A statistically reliable, well-documented, and extensive survey of the rates clients pay for a certain sub-market of legal services would be powerfully persuasive.'").

To support the reasonableness of the hours for which a party seeks reimbursement, that party must "maintain contemporaneous, complete and standardized time records which accurately reflect the work done by each attorney." Weisberg v. Webster, 749 F.2d 864, 873 (D.C. Cir. 1984) (quotation omitted). In other words, the party must submit "a log of the hours for which they request compensation, supported by a sworn declaration from the supervising attorney." Beck, 289 F.R.D. at 384. The attorney's declaration should provide not only information about the attorney's experience and billing rates – it should also describe the work performed and "the process by which the records were produced." Id. This is especially important for fee awards under Rule 37, since a "near 'but for' relationship must exist between the Rule 37 violation and the activity for which fees and expenses are awarded." Cobell v. Babbitt, 188 F.R.D. 122, 127 (D.D.C. 1999) (citation omitted). Courts, utilizing their broad discretion under Rule 37, may make an independent assessment of whether the hours claimed are justified. Beck, 289 F.R.D. at 384.

Here, plaintiff's counsel avers that his client's total costs resulting from defendants' failure to appear for their depositions, including attorney's and paralegal's fees, court reporter fees, and translator fees, amounts to $6,905.00.[7]  Sanctions Reply at 3.  Plaintiff's counsel avers that that all attorneys, including himself, who worked on this matter have at least five years' experience.  Id. at 2.  Plaintiff's counsel claims that applicable USAO Laffey rate is $300.00 per hour.  http://www.justice.gov/sites/default/files/usaodc/legacy/2014/07/14/Laffey%20 Matrix_2014-2015.pdf.  Plaintiff's counsel further asserts that the applicable USAO Laffey rate for his paralegal is $150.00 per hour.  Id.  Plaintiff provides no evidence to support the proposition that the USAO Laffey rates are the prevailing community rates for FLSA work.  Defendants do not challenge the rates or hours plaintiff claims.  See Sanctions Opp. at 1–2.

The Court will exercise its discretion and reduce plaintiff's requested sanction to $800.00, which represents the costs plaintiff incurred in securing a court reporter and translator on September 24, 2015.  The Court has two independent reasons for doing so.  First, the Court must fashion a just and proportionate sanction for defendants' misconduct.  Bonds, 93 F.3d at 807.  Additionally, although Rule 37 generally requires an award of attorney's fees, such an award is not mandatory where "other circumstances make an award of expenses unjust."  Fed. R. Civ. P. 37(d)(3).  In this instance, the Court finds that paying plaintiff's costs in attending the September 24, 2015, depositions is sufficient punishment for defendants and a sufficient deterrent against future misconduct.  Further, based on the conference of September 23, 2015, and the filings later that day, it is clear that defendants chose to accept a sanction of $800.00

---

[7] Plaintiff's original request was for $5,975.00.  See Mot. for Sanctions at 4.  Plaintiff increased this number as a result of the work his counsel had to perform to review subsequent filings by defendants and prepare plaintiff's reply in support of his motion.  See Sanctions Reply at 3.

when they chose not to appear on September 24, 2015.  To now increase that sanction nearly tenfold, as plaintiff requests, would be fundamentally unjust.

Second, the Court finds that plaintiff has failed to meet his burden to show that his requested attorney's fees are reasonable.  The averments of plaintiff's counsel do not recite all of the elements typically required in a declaration supporting a motion for fees, including a description of how the time log was prepared.  Beck, 289 F.R.D. at 384.  Moreover, plaintiff proffers nothing to support his claimed rates except a bare citation to the USAO Laffey index.  The D.C. Circuit in Eley explained that the party seeking fees bears the burden to do more than simply cite to that index.  Eley, 793 F.3d at 104.  Instead, to obtain the rates he desires, plaintiff was required to present specific evidence that those rates represent the prevailing rates for FLSA work in Washington, D.C.  Id.  Absent that showing, the Court has no basis on which to conclude that plaintiff's desired rates are reasonable.

Accordingly, the Court will sanction defendants in the amount of $800.00.

## CONCLUSION

For the foregoing reasons, plaintiff's motion to dismiss defendant Rainbow Inn's counterclaim and for a show-cause order will be **GRANTED IN PART** and **DENIED IN PART**, plaintiff's motion to dismiss defendant Jackey Ko's counterclaims will be **GRANTED**, defendant Jackey Ko's motion for leave to file out of time her response to plaintiff's motion to dismiss will be **DENIED**, and plaintiff's motion for sanctions for defendants' failure to attend depositions will be **GRANTED IN PART** and **DENIED IN PART**.

An appropriate Order will accompany this Memorandum Opinion.

Date: November 19, 2015

                                            G. MICHAEL HARVEY
                                            UNITED STATES MAGISTRATE JUDGE